UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:17-mc-00222-JCN |
| | ) | |
| JOSEPH D. HAYNES, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER APPROVING PETITION TO LEVY PRINCIPAL RESIDENCE**

The matter is before the Court on the United States' petition for judicial approval of levy on Respondent Joseph D. Haynes's principal residence, based on Respondent's nonpayment of tax liabilities assessed by the Internal Revenue Service. For reasons stated below, I grant the petition.

**Background**

On September 19, 2017, the United States ("Petitioner") filed its Petition for Judicial Approval of Levy Upon Principal Residence. (ECF No. 1.) In support of the petition, Petitioner submitted the Declaration of Revenue Officer Todd N. Greeley (ECF No. 1-1), which declaration is prima facie evidence that (1) Joseph Haynes ("Respondent") is liable for unpaid taxes for the tax years 2007, 2008, 2010, and 2011, and for civil penalties related to quarterly employment tax periods ending March 30, 2010, through March 30, 2013, which liabilities totaled, with interest, $333,479.22, as of August 15, 2017; (2) Petitioner provided Respondent with notice of the assessments and demand for payment; (3) Respondent failed to pay Petitioner the liabilities in full; (4) Petitioner provided

Respondent with notice of the intent to levy and notice of taxpayer's rights to an administrative hearing prior to levy; and (5) the IRS attempted to satisfy the liabilities from assets other than the property in question, and no reasonable alternative exists to satisfy the unpaid liabilities. (Greeley Declaration, ECF No. 1-1.)

The petition and declaration state that the subject property is located at Map FR27, Plan 01, Lot 24, Salem Township, Maine 04983, and that the subject property qualifies as Respondent's principal residence. (Petition ¶ 4; Greeley Declaration ¶ 5.)

On September 20, 2017, the Court issued its Notice and Order to Show Cause, in which notice and order the Court informed Respondent of the pending proceeding and the claim asserted, and that Petitioner had made a prima facie showing that it complied with the regulatory prerequisites of 26 C.F.R. § 301.6334-1(d). In the notice and order, the Court informed Respondent that he had 30 days to file a written objection to the petition, through which objection Petitioner should demonstrate that he has satisfied the liabilities or has other assets from which the liabilities can be satisfied, or that Petitioner failed to comply with the regulatory procedures required for imposition of the levy. The Court further informed Respondent that a hearing would be scheduled on the matter, but that if he failed to file an objection, he would waive his right to a hearing. (Notice and Order to Show Cause, ECF No. 3.)

The record reflects that on September 21, 2017, Deputy Sheriff Peter Mars personally served Respondent, in hand, with a copy of the notice and order, and with a copy of the petition and the supporting declaration. Additionally, Petitioner provided Respondent copies of the documents by certified mail, return receipt requested, directed to

Respondent's residence and another dwelling in Strong, Maine. Petitioner received a return receipt for the certified mail delivered to the Strong address, which receipt bears the signature of Respondent. (Declaration of Service, ECF No. 8; Deputy Mars's Service Receipt, ECF No. 8-1; USPS Return Receipt, ECF No. 8-2.)

As of the date of this order, Respondent has not filed an objection to the petition.

**Discussion**

The Internal Revenue Code exempts certain property from levy, including "principal residences." 26 U.S.C. § 6334(e)(1). However, "[a] principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence."[1] *Id.* § 6334(e)(1)(a). If the court grants the levy, the United States may sell the residence. 26 U.S.C. § 6335. The taxpayer may redeem the property within 180 days of the sale by paying the purchaser the purchase price plus interest. 26 U.S.C. § 6337(b)(1), (2).

The Department of the Treasury has issued the following regulation regarding the manner by which the United States will seek approval of a levy on a principal residence.

> **(d) Levy allowed on principal residence.** The Service will seek approval, in writing, by a judge or magistrate of a district court of the United States prior to levy of property that is owned by the taxpayer and used as the principal residence of the taxpayer, the taxpayer's spouse, the taxpayer's former spouse, or the taxpayer's minor child.
>
> **(1) Nature of judicial proceeding.** The Government will initiate a proceeding for judicial approval of levy on a principal residence by filing a petition with the appropriate United States District Court demonstrating that the underlying liability has not been satisfied, the requirements of any

---

[1] Pursuant to 28 U.S.C. § 636(b)(3), "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." The Internal Revenue Code specifically states that a magistrate judge is authorized to approve a levy upon a principal residence. 26 U.S.C. § 6334(e)(1)(a).

applicable law or administrative procedure relevant to the levy have been met, and no reasonable alternative for collection of the taxpayer's debt exists. The petition will ask the court to issue to the taxpayer an order to show cause why the principal residence property should not be levied and will also ask the court to issue a notice of hearing.

**(2)** The taxpayer will be granted a hearing to rebut the Government's prima facie case if the taxpayer files an objection within the time period required by the court raising a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied, that the taxpayer has other assets from which the liability can be satisfied, or that the Service did not follow the applicable laws or procedures pertaining to the levy. The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding. Unless the taxpayer files a timely and appropriate objection, the court would be expected to enter an order approving the levy of the principal residence property.

....

26 C.F.R. § 301.6334-1(d). As a review of the regulation reveals, the right to a judicial hearing is not absolute. While the Due Process Clause entitles a party to notice and the opportunity to be heard when the party is presented with a claim that threatens life, liberty, or property, *Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 2 (1st Cir. 2014), a party with notice of an opportunity to be heard may waive the right to a hearing by failing to take advantage of the opportunity to be heard. *Mimiya Hosp., Inc. SNF v. U.S. Dep't Of Health And Human Servs.*, 331 F.3d 178, 181 (1st Cir. 2003); *Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 24 (1st Cir. 1999).[2]

Through its submissions, Petitioner has established that the underlying liability has not been satisfied, that Petitioner has complied with the regulatory prerequisites for levy on a principal residence, and that there is no reasonable alternative for collection of

---

[2] Similarly, a party who requests a hearing but fails to show cause as to the existence of a genuine issue may be denied a hearing. *See, e.g.*, *In re Amador*, No. 2:14-mc-00039, 2015 WL 4093400 (W.D. Ark. July 7, 2015).

4

Respondent's tax liability.  The record further reflects that Respondent was served with the petition, the declaration in support thereof, and the order to show cause.  By failing to file an objection to the petition in accordance with the order to show cause, Respondent has failed to raise a genuine issue of material fact to support the need for a hearing.  Based on the unrebutted petition, the Court finds the facts are as stated in the Petition for Judicial Approval of Levy upon Principal Residence and the supporting Declaration of Revenue Officer Todd Greeley.

**Conclusion**

Petitioner has demonstrated a prima facie entitlement to the levy, and Respondent has failed to raise a genuine issue for hearing.  Respondent, therefore, has failed to show cause in accordance with the Show Cause Order.  (ECF No. 3.)  Accordingly, the Court finds that the record supports approval of the petition, and grants the petition.  Petitioner is hereby authorized to levy the principal residence of Respondent Joseph D. Haynes, located at Map FR27, Plan 01, Lot 24, Salem Township, Maine 04983, to satisfy in full or in part Respondent's tax liability for tax years 2007, 2008, 2010, and 2011, and for civil penalties related to quarterly employment tax periods ending March 30, 2010, through March 30, 2013, together with interest.

**NOTICE**

Any objections to this order shall be filed in accordance with Fed. R. Civ. P. 72.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 11th day of December, 2017.